**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONTISSA WILMER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5775** |
| | : | |
| **ABINGTON TOWNSHIP,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**PEREZ, J.** **OCTOBER 16, 2026**

*Pro se* Plaintiff Dontissa Wilmer brings this civil action pursuant to 42 U.S.C. § 1983 against Abington Township. She also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Wilmer leave to proceed *in forma pauperis* and dismiss her Complaint.

## I. FACTUAL ALLEGATIONS[1]

Wilmer's allegations concern her 2021 Black Chevrolet Silverado Trail Boss pickup truck. On August 5, 2024, she took the truck to the dealership because the seat was heated even though the truck is not equipped with heated seats. (Compl. at 4.) She says that her vehicle was not serviced during that visit. (*Id.*) On August 11, 2024, she parked her car in the emergency department parking lot for Holy Redeemer Hospital. When she was discharged approximately two hours later, she observed that some of the personal items inside the vehicle had been moved. (*Id.*) On August 12, 2024, she reported this incident to the Holy Redeemer Security Operations

[1] The facts set forth in this Memorandum are taken from Wilmer's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Manager, Jasmine, who stated that Abington Police Officer James Dwyer would investigate the matter. (*Id.*) On that day she also had a medical appointment at the hospital and parked in the handicap parking section. (*Id.*) When she returned to the truck after about four hours, at 2:15 p.m., "the interior was emitting an extreme heat and all seats were hot to the touch." (*Id.*) She observed an unknown almond-colored substance on the driver's side door jamb and inside all four-door jamb locking mechanisms. (*Id.* at 5.) The passenger-side fuse box cover was ajar at the top and bottom. (*Id.*) Police Officer James Dwyer arrived at 3:15 p.m. and Wilmer showed him the substance and the fuse box. (*Id.*) Dwyer opined that it was dealership lubricant and did not process the car for fingerprints or take chemical samples. (*Id.*) Wilmer states she asked Dwyer to help remove the fuse cover and noticed that it was not snapped into place. (*Id.*) Wilmer asked Dwyer several times to write a police report, and he agreed. (*Id.*) Dwyer left a voice mail for Wilmer later that day providing a police report number of 24-033767. (*Id.*) Wilmer recalls seeing a grey van and a burgundy car in the vicinity of the medical building and lot, both of which she claims to have previously observed following her. (*Id.*)

On August 13, 2024, she visited the Abington Police Station to update her report because she had experienced severe itching from touching the unknown substance. (*Id.* at 6.) A police officer told her the report would be updated, and apparently told her she could obtain a copy of the report but that she would have to return in the morning because the records person had left for the day. (*Id.*) When she returned another day, she was informed that the report was unavailable due to an ongoing investigation. (*Id.*) Later that day, Dwyer told her the report was complete, and that the police department provides reference numbers rather than physical copies of reports to citizens. (*Id.*) Wilmer contacted several entities at Jefferson Health and the hospital concerning the alleged vandalism, but was not able to obtain a copy of the security report. (*Id.* at

6-7, 9.) She was also informed by the police department that the police report was unavailable due to an ongoing investigation when she made an online request. (*Id.* at 8.) On September 4, 2024, she filed a digital Citizen Complaint form against Officer Dwyer through the police department's online portal. (*Id.* at 11.)

She reached out with her concerns to upper management of the police department, security personnel and management at the Hospital, and various municipal officials, including Ward Commissioner Ayanna Laney-Martin, Abington Township Commissioner Jeffrey Browne, and Board of Commissioners President Thomas Hecker. (*Id*. at 9-17.) Wilmer states that she also contacted the Montgomery County Magisterial District Court. (*Id*. at 10.) She filed a state court action in July 2025, *Wilmer v. Abington Township*, No. 2025-18755 (C.P. Montgomery). She reports that the Court of Common Pleas denied her motion to compel compliance on August 4, 2026. (*Id*. at 18.)

Wilmer filed a civil action in this Court on August 11, 2026, alleging violations of her equal protection rights under the Fourteenth Amendment. (*Id.* at 2, 19.) As injuries, she states that she sustained physical injuries to her hands, damage to her truck, and "ongoing physical safety vulnerabilities" because of the alleged withholding of unredacted law enforcement files. (*Id.* at 19.) Wilmer seeks monetary, declaratory, and injunctive relief. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Wilmer leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant.

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog & Pollution, Inc. v. Shenango, Inc*., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). In assessing the Complaint, the Court is mindful of its obligation to liberally construe a *pro se* litigant's pleadings. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For this reason, "most cases belong in state court." *Degennaro v. Grabelle*, No. 21-1536, 2021 WL 5445809, at *1 (3d Cir. Nov. 22, 2021). A plaintiff bringing a lawsuit in federal court has an obligation to show the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). If a court determines at any time that federal jurisdiction is lacking, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3). Cases that can be heard in federal court include cases based on federal law ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000 ("diversity jurisdiction"), *see* 28 U.S.C. § 1332(a).

Wilmer attempts to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, by using the Court's form complaint for a plaintiff alleging a civil rights violation and asserting an equal protection claim under 42 U.S.C. § 1983. (Comp. at 2.) However, her allegations do not state a plausible claim within the Court's jurisdiction. "Wholly insubstantial" claims are insufficient to invoke federal question jurisdiction, even if they purport to be predicated on a federal statute. *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former.") (citation modified); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (dismissal of claims for lack of subject matter jurisdiction is proper "when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous" (citation modified)). The factual scenario described in the Complaint as the basis for Wilmer's claims—alleged vandalism to her vehicle and the unavailability of an apparent police report—does not raise a substantial federal question for jurisdictional purposes. *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that civil rights claims were insufficiently substantial to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (*per curiam*) (affirming dismissal for lack of subject matter jurisdiction because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute"). Accordingly, the Court may not exercise jurisdiction under § 1331.[2]

---

[2] Nor is diversity jurisdiction present.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Wilmer leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction. The Court concludes that further amendment would be futile under the circumstances of this case, but notes that the dismissal is without prejudice to Wilmer's pursuing her claims in state court, where federal jurisdiction will not be an issue.[3] *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)). A dismissal Order follows, which shall be docketed separately. *See* Fed. R. Civ. P. 58.

**BY THE COURT:**

**MIA R. PEREZ, J.**

[3] The Court expresses no opinion on the merits of Wilmer's claims.